IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 27 2013

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

AMY L. MURRY,                    §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    NO. 4:13-CV-617-A
                                 §
BANK OF AMERICA, N.A., ET AL.,   §
                                 §
          Defendants.            §


MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff, Amy L. Murray, initiated this action by filing her original petition to set aside wrongful foreclosure and substitute trustee's deed in the District Court of Tarrant County, Texas, 352nd Judicial District, naming as defendants Bank of America, N.A. ("Bank of America"), Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett, Daffin"), and Terry Ross ("Ross"). Bank of America removed the action to this court, alleging that

this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.[1]

In the notice of removal, Bank of America contended that because plaintiff seeks equitable relief in the form of rescission of the foreclosure sale, the value of the property establishes the amount in controversy. Because the value of the subject property is purportedly at least $116,400.00, and Bank of America purchased the property for $80,800.00, Bank of America contends that either of these amounts establishes that the amount in controversy exceeds the jurisdictional minimum.

Because of a concern that Bank of America had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered Bank of America to file an amended notice of removal, together with supporting documentation, showing that the amount

---

[1]Bank of America claimed in the notice of removal that the citizenship of Ross and Barrett, Daffin should be disregarded because they were improperly joined. Because of a concern that Bank of America had failed to show that the amount in controversy exceeded $75,000, the court ordered Bank of America to file an amended notice of removal on that subject, without regard to the improper joinder. As the court finds the amount in controversy fails to reach the jurisdictional minimum, the court need not resolve the issue of improper joinder.

in controversy exceeds the jurisdictional amount.  Bank of
America timely complied with the court's order.

## II.

## Basic Principles

The court starts with a statement of basic principles
announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal
subject matter jurisdiction exists and that removal was proper."
Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723
(5th Cir. 2002).  "Moreover, because the effect of removal is to
deprive the state court of an action properly before it, removal
raises significant federalism concerns, which mandate strict
construction of the removal statute."[2]  Carpenter v. Wichita
Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).
Any doubts about whether removal jurisdiction is proper must
therefore be resolved against the exercise of federal

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the defendant or the defendants, to
the district court of the United States for the district and division embracing the place
where such action is pending.

(emphasis added).

3

jurisdiction.  <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition.  <u>Manguno</u>, 276 F.3d at 723.  If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000.  <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).  The amount in controversy is measured from the perspective of the plaintiff.  <u>See Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

<u>The True Nature of Plaintiff's Claims</u>

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented.  Rather, the allegations of the petition are typical of many state

4

court petitions that are brought before this court by notices of
removal in which the plaintiff makes vague, general, and
obviously legally baseless allegations in an attempt to frustrate
the procedures a lender is pursuing, or has pursued, to regain
possession of residential property the plaintiff used as security
for the making of a loan.

As the court has been required to do in other cases of this
kind, the court has undertaken an evaluation of the true nature
of plaintiff's claims.  Having done so, and having considered the
authorities and arguments cited by Bank of America in the amended
notice of removal, the court remains unpersuaded that the amount
in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal Bank of America essentially
reurges the arguments it made in the original notice of removal:
that the value of the right to be protected or injury to be
prevented represents the amount in controversy.  When, as here,
the object is for a mortgagor to protect her property, Bank of
America contends that the fair market value of the property
constitutes the amount in controversy.[3]  The basis of this

---

[3]Bank of America relies in part on <u>Nationstar Mortg. LLC v. Knox</u>, 351 F.  App'x 844 (5th Cir.
(continued...)

argument, as it pertains to plaintiff, is that plaintiff in her state court petition seeks injunctive relief to prevent defendants from evicting her from her property.

A review of plaintiff's pleadings, however, makes clear that while plaintiff takes issue with the foreclosure notices and procedures employed by defendants, she makes no claim to outright title to the property. Further, the injunctive relief she seeks is limited to the pendency of this action. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's efforts to extend the time she can stay on the property and delay the sale of the property through foreclosure.

No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, Bank of America has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

---

[3](...continued)
Aug. 25, 2009), to support its allegations as to the amount in controversy. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Nothing in the notice of removal has persuaded the court otherwise.

Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

<u>Order</u>

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 27, 2013.

_____
JOHN McBRYDE
United States District Judge